(No. 75-371—)

WILSON ELECTRIC COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 27, 1976.*

WILSON ELECTRIC COMPANY, Pro se.

WILLIAM J. SCOTT, Attorney General; JERRY FELSENTHAL, Assistant Attorney General, for Respondent.

POLOS, C. J.

This is an action to recover the sum of $456.00 for sound system maintenance work at the Dixon State School. Respondent admits that the work was satisfactorily performed by Claimant but contends that Claimant was never properly authorized to do the work in question.

In early 1973, Claimant, acting as a subcontractor, installed a sound system at Dixon State School at Dixon, Illinois. The sound system was covered by a one-year warranty against equipment malfunction.

On July 10, 1973, Warren Kalies, the Secretary-Treasurer of Wilson Electric Company, had a telephone conversation with one Bob Hollenback, an Electrical Inspector for the Department of General Services of the State of Illinois. Kalies testified that Hollenback advised him that Dixon State School was experiencing

difficulty with its sound system and asked Claimant to service it.

Harold Nelson and Richard Pierson, both employees of Claimant, were dispatched to the Dixon State School. Nelson testified that upon their arrival they reported to one Earl Sitter, the Chief Engineer at the School. Nelson said that Sitter told him and Pierson to contact Ray Rogers, a School electrician, who would tell them what needed to be corrected in the system.

Nelson and Pierson were taken through the School by Rogers. Nelson said that in addition to adjustments covered under Claimant's warranty, Rogers requested that they adjust the sound levels on 48 amplifiers and that they repair certain broken controls and electrical lines that had been damaged by inmates. In addition to the work covered under the warranty, Nelson and Pierson performed the added work that Rogers requested. Respondent was billed $456 for the non-warranty work.

Earl Sitter, testifying for Respondent, said that he had not authorized Claimant to perform the non-warranty work. He admitted on cross-examination however, that he had told Harold Nelson to contact Ray Rogers in order to learn what work he was to do on the sound system.

The sole issue to be determined is whether Respondent authorized Claimant to perform work on the Dixon State School sound system not covered under the warranty. It is clear that Claimant adjusted the sound level on 48 amplifiers at the School and replaced controls and electrical lines which had been damaged by inmates, and that these services were not covered under Claimant's warranty. It is also clear that Earl Sitter, the Chief Engineer at Dixon, told Claimant's employees that Ray Rogers would show them the work to be done on the

sound system and that Rogers asked Claimant's employees to perform the non-warranty work.

We think that the State thus vested Ray Rogers with apparent authority to order the non-warranty work on the sound system and that Claimant reasonably relied upon his apparent authority to bind the State in performing the work. Claimant's employees did only the work requested by Rogers, and in these circumstances the State cannot now complain that Rogers did not have actual authority to bind the State.

Claimant is therefore awarded the sum of Four Hundred Fifty-Six Dollars ($456.00).